UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Chapter 7 |
| JAMES C. LANG, II, | ) | Case No. 17-10843-FJB |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DONALD R. LASSMAN, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. _____ |
| | ) | |
| MLM ACQUISITIONS, LLC d/b/a | ) | |
| MOOSE LANDING MARINA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

INTRODUCTORY STATEMENT

Donald R. Lassman, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of James

C. Lang, II (the "Debtor"), brings this Complaint to obtain the turnover from the defendant MLM

Acquisitions, LLC d/b/a Moose Landing Marina ("Moose Landing") of property of the bank-

ruptcy estate, namely the proceeds and value of a boat owned by the Debtor at the time of the

filing of the Debtor's bankruptcy petition.  The Trustee also seeks damages and attorneys' fees for

the violation by Moose Landing of the Maine Unfair Trade Practices Act, 5 M.R.S. § 207.

## PARTIES

1.      The Trustee is the Chapter 7 Trustee of the Debtor's estate, appointed pursuant to §§ 701(a)(1) and 702(d) of Title 11 of the United States Code (the "Bankruptcy Code"), with a place of business in Needham, Massachusetts.

2.      Upon information and belief, Moose Landing is a limited liability company organized under the laws of the State of Maine, with a principal place of business at 32 Moose Landing Trail, Naples, Maine  04055.

## JURISDICTION

3.      This action is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334, as it arises under and relates to a case under Title 11 of the United States Code (the "Bankruptcy Code") entitled In re James C. Lang, II, Chapter 7 Case No. 17-10843-FJB pending in the Eastern Division of the United States Bankruptcy Court for the District of Massachusetts.  It is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2) (A), (E), and (O).  The Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

## STATEMENT OF FACTS

4.      Moose Landing operates a marina and boat dealership on 15 acres and 1,000 feet of frontage on Brandy Pond in Naples, Maine.  Moose Landing sells new and used boats, rents boats to customers, and stores boats for customers.

5.      On March 12, 2017 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

6.      On the Petition Date, the Debtor was the owner of a 2013 Godfrey Aqua Patio boat with 2013 Yamaha F150LA engine (the "Boat").

2500320v1/20977-2

7.    Upon information and belief, the Debtor had purchased the Boat from Moose Landing in 2012 for a purchase price of $44,460.00, paying a down payment of $21,100.00 and borrowing the remaining $23,360.00 of the purchase price.  Upon information and belief, the $23,360.00 loan was secured by a lien on the Boat and was assigned to Bank of the West (the "Bank").  Upon information and belief, the Bank filed a UCC-1 financing statement regarding the Boat.

8.    Prior to 2017, the Debtor had stored the boat with Moose Landing.

9.    In or before 2017, the Debtor indicated to Moose Landing that he wished to sell the Boat.

10.    On Saturday, March 11, 2017 at 10:47 a.m., Chris Stultz ("Stultz"), an employee of Moose Landing, emailed the Debtor and informed him that he had a buyer for the Boat who had offered $30,000.00.

11.    On March 11, 2017 at 12:53 p.m., the Debtor emailed Stultz back that the offer was of interest but "you need to do it by Friday.  Or else no."

12.    On March 13, 2017, Moose Landing signed a sales contract for the Boat with David Field ("Field"), for a $30,000.00 price plus $75.00 for documentation plus $661.65 for sales tax.

13.    Moose Landing received the total amount of $30,736.65 (the "Sale Proceeds") from Field on April 6, 2017.

14.    Upon information and belief, contemporaneously with receiving the Sale Proceeds, Moose Landing gave possession of the Boat to Field.

15.    Moose Landing wired $17,209.11 from the Sale Proceeds to the Bank on April 7, 2017 in full satisfaction of the Bank's lien on the Boat.

2500320v1/20977-2

16.     Upon information and belief, Moose Landing forwarded $661.65 from the Sale Proceeds to the Maine Revenue Services division of the State of Maine for sales tax.

17.     Moose Landing Marina retained the remaining $12,865.89 from the Sales Proceeds (the "Remaining Sale Proceeds").

18.     After responding to Stultz's email on March 11, 2017, the Debtor heard nothing further from Moose Landing.

19.     Moose Landing did not communicate with the Debtor in any way after March 11, 2017.

20.     Moose Landing did not inform the Debtor that it had purported to sell the Boat.

21.     At no time in 2017 did Moose Landing have any ownership interest in the Boat.

22.     At no time in 2017 did Moose Landing have any legal right to sell the Boat.

23.     Moose Landing did not deliver, and did not attempt to deliver, the Remaining Sale Proceeds to the Debtor.

24.     Upon information and belief, Moose Landing never intended to deliver to the Debtor any proceeds from the sale of the Boat, and always intended to keep the proceeds from the sale of the Boat after payment of the sales tax and the Bank's lien.

25.     Upon information and belief, Moose Landing deceived the Debtor.

26.     On the Petition Date, the Boat became property of the Debtor's bankruptcy estate.

27.     The Remaining Sale Proceeds constitute proceeds of the Boat.

28.     The Remaining Sale Proceeds are property of the Debtor's bankruptcy estate.

29.     On February 2, 2018, the Trustee sent Moose Landing a letter (the "Demand Letter") in which he demanded that Moose Landing turn over to the Trustee the Remaining Sale Proceeds.

30.     Moose Landing has failed to turn over the Remaining Sale Proceeds to the Trustee.

2500320v1/20977-2

31.     In the Demand Letter, the Trustee asserted that Moose Landing had violated the

Maine Unfair Trade Practices Act, 5 M.R.S. § 207.

32.     Moose Landing did not make a good faith written offer of settlement in response

to the Demand Letter.

COUNT I
(Turnover -- 11 U.S.C. §542(a))

33.     The Trustee repeats and incorporates herein by reference paragraphs 1 through 32

of this Complaint.

34.     On the Petition Date, the Boat was property of the Debtor's bankruptcy estate

under § 541(a)(1) of the Bankruptcy Code.

35.     On the Petition Date, the Boat constituted property that the Trustee may use, sell,

or lease under § 363 of the Bankruptcy Code.

36.     Moose Landing was, at a time during the pendency of Debtor's bankruptcy case,

in possession, custody, or control of the Boat.

37.     The Remaining Sale Proceeds amount to the value of the Boat.

38.     The Remaining Sale Proceeds, as proceeds of or from the Boat, are property of the

Debtor's bankruptcy estate under § 541(a)(6) of the Bankruptcy Code.

39.     The Remaining Sale Proceeds constitute property that the Trustee may use, sell, or

lease under § 363 of the Bankruptcy Code.

40.     Moose Landing is now, or at a time during the pendency of Debtor's bankruptcy

case was, in possession, custody, or control of the Remaining Sale Proceeds.

41.     Pursuant to § 542(a) of the Bankruptcy Code, Moose Landing must deliver the

Remaining Sale Proceeds to the Trustee.

2500320v1/20977-2

## COUNT II
(Violation of Maine Unfair Trade Practices Act, 5 M.R.S. § 207)

42.     The Trustee repeats and incorporates herein by reference paragraphs 1 through 32 of this Verified Complaint.

43.     The Debtor is a person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes.

44.     Moose Landing engages in trade or commerce within the meaning of the Maine Unfair Trade Practices Act, 5 M.R.S. Chapter 10.

45.     The actions of Moose Landing, as generally described above, are unfair or deceptive acts or practices within the meaning of the Maine Unfair Trade Practices Act, 5 M.R.S. § 207.

46.     The Debtor suffered a loss of money and personal property as a result of the use or employment by Moose Landing of unfair or deceptive acts or practices.

47.     The Trustee should recover the Remaining Sale Proceeds as damages for the violation by Moose Landing of the Maine Unfair Trade Practices Act, 5 M.R.S. § 207.

48.     The Trustee should be awarded reasonable attorney's fees and costs in addition to the damages awarded.

## PRAYERS FOR RELIEF

WHEREFORE, the Trustee prays that this Court:

1.     Enter judgment requiring Moose Landing to turn over the Remaining Sale Proceeds to the Trustee;

- 6 -

2500320v1/20977-2

2.      In the alternative, enter judgment in favor of the Trustee and against Moose

Landing for the amount of the Remaining Sale Proceeds, as damages for the violation by Moose

Landing of the Maine Unfair Trade Practices Act, 5 M.R.S. § 207;

3.      Award the Trustee reasonable attorney's fees and costs in addition to the damages

awarded; and

4.      Granting such other and further relief as may be appropriate and just under all of

the circumstances.

Respectfully submitted,

DONALD R. LASSMAN,
   CHAPTER 7 TRUSTEE,

By his attorneys,


 /s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO 553158
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199
(617) 973-6100
aruttenberg@pbl.com

Dated:  April 13, 2018